UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DONAHUE, *et al.*, | ) | CASE NO. 5:24-cv-01141 |
| | ) | |
| Plaintiffs, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVELERS COMPANIES, INC., *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Before the Court is Plaintiffs' motion for leave to file a first amended complaint (Doc. 10). For the reasons below, the motion for leave to file an amended complaint is GRANTED.

I. **BACKGROUND**

On June 6, 2024, Plaintiffs Robert and Rebecca Donahue filed a complaint in the Summit County Court of Common Pleas. (Doc. 1-1.) On July 8, 2024, Defendants Travelers Companies, Inc. ("Travelers") and The Standard Fire Insurance Co. ("Standard Fire") noticed removal on the basis of diversity jurisdiction.[1] (Doc. 1.)

---

[1] Plaintiffs are citizens of Ohio. (Doc. 1 at 2, ¶ 6.) Travelers is a Minnesota corporation with its principal place of business in Minnesota. (*Id.* ¶ 7.) Standard Fire is a Connecticut corporation with its principal place of business in Connecticut. (*Id.* ¶ 8.) Accordingly, there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1). Due to Ohio state courts' pleading requirements, Plaintiffs' complaint only specifies that they seek "a monetary judgment against Defendant Insurance Companies in excess of $25,[]000.00," "punitive damages in excess of $25,000," and "attorney fees as permitted by law." (Doc. 1-1 at 9.) *See also* Ohio R. Civ. P. 8(A)(2) ("If the party seeks more than twenty-five thousand dollars [$25,000], the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought, unless the claim is based upon an instrument required to be attached pursuant to Civ. R. 10."). In their notice of removal, Defendants attached affidavits and a construction contract showing Plaintiffs submitted damages in excess of $250,000. (*See* Doc. 1 at 2–3; *see also* Doc. 1-3.) Accordingly, the Court is satisfied it has jurisdiction over this matter.

1

The Complaint alleges Plaintiffs purchased insurance coverage (the "Policy") from both Defendants for a residential property in Warren, Ohio (the "Property"). (Doc. 1-1 at 7, ¶¶ 1–2.)[2] In February 2017, this Property suffered a fire that destroyed the entire premise and its contents. (*Id.* ¶ 2.) Plaintiffs allege that Defendants "refuse to properly investigate, evaluate and pay the proper amounts under the Policy without any good faith or objective reason for doing so." (*Id.* ¶ 5.) Plaintiffs bring one claim for bad faith. (*Id.* at 8–9, ¶¶ 6–13.)

On July 12, 2024, Defendants filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 5.) Plaintiffs opposed the motion to dismiss (Doc. 9) and, on the same day, filed a motion for leave to file a first amended complaint arguing, among other things, that Rule 15(a) strongly favors leave to amend. (Doc. 10.) By way of amendment, Plaintiffs' seek to add allegations regarding Plaintiff Rebecca Donahue's standing as a third-party beneficiary under the Policy (Doc. 10-1 at 709, ¶ 12) and facts supporting Plaintiffs' discovery of "the bad faith conduct and/or position of the Insurance Defendants in late 2023 and 2024 [] after being led by the Insurance Defendants over 6 years to believe that there was coverage under the Policy[.]" (*Id.* at 711, ¶ 16.)

Defendants opposed Plaintiffs' motion for leave to file an amended complaint, largely on the grounds that such amendments are futile. (Doc. 12 at 1296.) To them, Plaintiffs' claims remain time-barred and are "not subject to any tolling extensions or the so-called discovery rule." (*Id.* at 1305.) Defendants further contend that Plaintiffs' additional allegations do not show Rebecca Donahue was a third-party beneficiary or has standing to bring a bad faith claim. (*Id.* at 1311.) In support of this argument, Defendants point to a state court case that purportedly

---

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

2

determined the owners of the Property, the insureds under the Policy, and distribution of interpleaded funds. (*Id.* at 1300.) Lastly, Defendants assert Plaintiffs' proposed amended complaint does not to create contractual privity with Travelers. (*Id.* at 1312–13.)

Plaintiffs timely replied. (Doc. 14.) On reply, Plaintiffs assert "the actions at issue in this case did not in fact commence until 2024," not 2017. (*Id.* at 1327–28 (emphasis omitted).) They challenge Defendants' characterization of the prior state court prior decision as well as maintain waiver and estoppel arguments. (*Id.* at 1328–29.) Plaintiffs also dispute that bad faith claims require a strict contractual relationship. (*Id.* at 1330.)

## II. **LEGAL STANDARD**

Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course" within 21 days after serving the complaint, or service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rules further provide that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Morse v. McWhorter*, 290 F.3d 795, 799–800 (6th Cir. 2002.) This rule "reinforces the principle that cases should be tried on their merits, rather than the technicalities of pleadings, and therefore assumes a liberal policy of permitting amendments." *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (internal citations and quotation marks omitted). The Supreme Court has further clarified that absent

> any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) ("[I]t should be emphasized that the case law in this Circuit manifests 'liberality

3

in allowing amendments to a complaint.'"). Nonetheless, a request to amend "may be denied if it would be futile, i.e., if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is obligated to provide sufficient grounds to show entitlement to relief; "labels, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). When reviewing a complaint, a court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). The party opposing a motion to amend the complaint bears the burden of establishing that the proposed amendments would be futile. *Williams v. Barton Malow Co.*, 581 F.Supp.3d 923, 928 (N.D. Ohio 2022).

### III. ANALYSIS

As an initial matter, Defendants do not argue undue delay, bad faith, or any dilatory motive by Plaintiffs. The Court, therefore, addresses Defendants' point of opposition: futility.[3]

---

[3] Some district courts in this Circuit have found that "even if the Court were to find that all the proposed amendments were futile, the Court is not required to deny leave to amend." *Cleveland Commc'ns, Inc. v. Lorain Cnty. Bd. of Comm'rs*, No. 1:23-cv-1561, 2024 WL 3878308, *2 (N.D. Ohio Aug. 20, 2024). Instead, futility is "a permissible basis for denying a motion to amend a pleading," though the "Supreme Court in *Foman v. Davis* did not mandate that a court *must* deny a proposed amendment if it is futile." *Id.* (quoting *All Pro Brace, LLC v. United Sates HHS*, No. 1:21-cv-00896, 2022 WL 17067459 (N.D. Ohio Nov. 17, 2022)); *see also Aladdin Temp-Rite, LLC v. Carlisle FoodService Prods. Inc.*, No. 3:13-0650, 2014 WL 12774872, at *2 (M.D. Tenn. June 16, 2014).

Defendants argue that Plaintiffs' proposed amended complaint is futile for three reasons: (1) Plaintiffs' claims are time barred; (2) Plaintiff Rebecca Donahue lacks standing to pursue her claims; and (3) Plaintiffs have not stated a claim against Travelers. (*See* Doc. 12.)

First, Defendants argue that Plaintiffs' claims are subject to a four-year statute of limitations that begins on the day of the injury. (*Id.* at 1305–06.) Here, Defendants contend that the statute of limitations began to run on February 28, 2017, when a fire damaged the Property. (*Id.*) Therefore, Defendants assert the time period for filing their claims expired on February 28, 2021. (*Id.*) In response, Plaintiffs argue that Defendants' bad faith actions did not commence until 2024. (Doc. 14 at 1327.) According to Plaintiffs, Defendants "were essentially stringing the Plaintiffs along from 2017 to 2023/2024 in a deliberate effort to try and run out the statute of limitations clock (i.e. by not brin[g]ing up any denial decisions until 2023/2024)." (*Id.* at 1328.) Therefore, Plaintiffs argue that the statute of limitations did not begin to run until 2023 or 2024 when Defendants' bad faith conduct began. (*See id.*)

Second, Defendants argue that under Ohio law "each plaintiff must have contractual privity to bring a bad faith claim." (Doc. 12 at 1311.) Defendants argue that "being the spouse of an additional insured" or a third-party beneficiary does not create contractual privity for Rebecca Donahue. (*Id.* at 1311–12.) Plaintiffs counter that a bad faith claim "is not solely dependent on a strict contractual relationship" under the Ohio Supreme Court's decision in *Scott Fetzer Company v. American Home Assurance Company, Inc.*, 173 Ohio St. 3d 256 (Ohio 2023). (Doc. 14 at 1330.)

5

Lastly, Defendants argue that Plaintiffs have not stated a claim against Travelers because they are not in privity with Travelers. (Doc. 12 at 1312–13.) At the same time, Defendants acknowledge Plaintiffs identified and rely upon "communications bearing the Travelers name." (*Id.* at 1312.) Plaintiffs respond that their proposed amended complaint and the attached documents "make it very clear that [Travelers] was in control of and orchestrating almost all of the coverage issues in this case." (Doc. 14 at 1329–30.)

The Court has considered futility and finds that on balance, the relevant factors under Rule 15 weigh in favor of granting Plaintiffs' motion for leave to file an amended complaint. *See Cleveland Commc'ns*, 2024 WL 3878308 at *3 (allowing the plaintiff to file an amended complaint under Rule 15, "[a]lthough it is unclear based on the various submissions before the Court whether Plaintiff has stated viable claims for relief against Defendants"). Any challenges to the claims presented in Plaintiffs' amended complaint are better presented in a later filed Rule 12 motion to dismiss that fully addresses all of the allegations and applicable legal standards. In sum, the Court finds that Defendants have not met their burden of establishing that the proposed amendments would be futile in their entirety.

"The general rule is that filing an amended complaint moots pending motions to dismiss." *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021); *see also Doe v. Oberlin Coll.*, No. 1:17-cv-1335, 2018 WL 10809986, at *2 (N.D. Ohio Feb. 23, 2018) ("It is well-settled that motions to dismiss are rendered moot upon the filing of an amended complaint.") (citing *Res. Title Agency Inc. v. Morreal Real Estate Servs., Inc.*, 314 F.Supp. 2d 763, 766 n. 1 (N.D. Ohio 2004)). Accordingly, Defendants' motion to dismiss is denied as moot in light of the amended complaint.

6

## IV. <u>CONCLUSION</u>

For the reasons above, Plaintiffs' motion for leave to file an amended complaint (Doc. 10) is GRANTED. Defendants' motion to dismiss (Doc. 5) is DENIED as moot. *Crawford*, 15 F.4th at 759 ("The general rule is that filing an amended complaint moots the pending motion[] to dismiss."). Plaintiffs' proposed amended complaint (Doc. 10-1) is deemed filed as of the date of the Order.

**IT IS SO ORDERED.**

Date: October 21, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE