UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DONAHUE, *et al.*, | ) | CASE NO. 5:24-cv-01141 |
| | ) | |
| Plaintiffs, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVELERS COMPANIES, INC., *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiffs Robert Donahue and Rebecca Donahue (collectively "Plaintiffs") move this Court to strike various portions of the Amended Answer jointly submitted by Defendant Travelers Companies, Inc. ("Travelers") and Standard Fire Insurance Co. ("Standard") (collectively "Defendants"). (Doc. 20.) Defendants opposed the motion (Doc. 23), and Plaintiffs replied (Doc. 24). For the reasons stated below, the Motion to Strike is DENIED.

I.  **BACKGROUND**

Plaintiffs allege they purchased insurance coverage (the "Policy") from Defendants for a residential property in Warren, Ohio. (Doc. 10-1 at ¶ 6.) In 2017, the property was damaged by a fire. (*Id.* at ¶ 7.) Plaintiffs bring one count of bad faith for Defendants' failure to investigate, analyze Plaintiffs' insurance claims, and make payments following the fire. (*Id.* at ¶¶ 17-24.) Plaintiffs seek monetary and punitive damages and attorneys' fees. (*Id.* at 713.)[1]

On October 21, 2024, Plaintiffs were granted leave to file an Amended Complaint.[2] (*See* Doc. 16.) Plaintiffs' Amended Complaint attaches three exhibits containing insurance

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

[2] The Court denied Defendants' pending motion to dismiss (Doc. 5) as moot. (Doc. 16.)

documents, correspondence regarding Plaintiffs' insurance claim, and portions of the record in a state court proceeding from February 28, 2017 to April 10, 2024.  (Docs. 10-2, 10-3, 10-4.)  On November 14, 2024, Defendants filed a First Amended Answer, Affirmative Defenses, and Jury Demand ("Amended Answer").  (Doc. 18.)  Defendants attached three exhibits to their Amended Answer: Travelers' corporate status filings (Doc. 18-1), Travelers' Article of Incorporation (Doc. 18-2); and Standard's Certificate of Organization (Doc. 18-3).

On November 21, 2024, Defendants filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (Doc. 19.)  On December 3, 2024, Plaintiffs moved to strike various portions of the Amended Answer pursuant to Federal Rules of Civil Procedure 8(b) and 12(f).  (Doc. 20.)  At the same time, Plaintiffs moved to extend the deadline for their response to the Moton Judgment on the Pleadings to fourteen days after the Court rules on the motion to strike.  (Doc. 21.)  Defendants opposed Plaintiffs' Motion for Extension of Time.  (Doc. 22.)  On December 13, 2024, the Court granted Plaintiffs' Motion for Extension of Time.  (December 13, 2024 Order.)  On December 17, 2024, Defendants opposed the Motion to Strike (Doc. 23), and Plaintiffs replied on December 29, 2024.  (Doc. 24.)

II. **LEGAL STANDARD**

Rule 8 provides the general rules and form for pleading.  Fed. R. Civ. P. 8.  Rule 8(b) governs admissions, denials, and defenses to a plaintiff's claims and allows a party to make either general or specific denials to allegations.  *See* Fed. R. Civ. P. 8(b)(3).  If a party "does not intend to deny all the allegations, [it] must either specifically deny designated allegations or generally deny all except those specifically admitted."  *Id.*

Federal Rule of Civil Procedure 12(f) allows courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Motions to strike "are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.3d 819, 822 (6th Cir. 1953)).  The Sixth Circuit has noted motions to strike are disfavored and sparingly used "[p]artly because of the practical difficulty of deciding cases without a factual record." *Brown & Williamson Tobacco Corp.*, 201 F.3d at 822; *see also ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 499 (6th Cir. 2022) ("Indeed, federal courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after further development by way of discovery and a hearing on the merits.") (internal quotations and citations omitted); *HCRI TRS Acquirer, LLC v. Iwer*, 708 F.Supp.3d 687, 689 (N.D. Ohio 2010) ("[C]ourts should disfavor motions to strike affirmative defenses because they potentially serve only to cause delay.").

The function of a motion to strike under Rule 12(f) "is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Loc. 324 Health Care Plan*, 783 F.3d at 1050 (quoting *Kennedy v. City of Cleveland*, 797 F.3d 297, 305 (6th Cir. 1986)).  It is the movant's burden to demonstrate that portions of a pleading are redundant, immaterial, impertinent, or scandalous. *United States v. Lapso*, No. 18-cv-301, 2018 WL 11434281, 2018 U.S. Dist. LEXIS 247092, at *1 (N.D. Ohio June 19, 2018) (citing *Nat'l Credit Union Admin. Bd. v. Ciumi & Panichi, Inc.*, No. 15-cv-1606, 2017 WL 1179141, 2017 U.S. Dist. LEXIS 47834, at *14 (N.D. Ohio Mar. 30, 2017)).

### III. ANALYSIS

Plaintiffs ask the Court to strike certain portions of the amended answer and order Defendants to file an answer that complies with Rule 8. (Doc. 20 at 1412.) Alternatively, Plaintiffs request the Court convert the Motion for Judgment on the Pleadings into a motion for summary judgment and require the parties to exchange initial disclosures, create a case management plan, and engage in discovery. (*Id.*) Plaintiffs attached a marked version of the Amended Answer, showing which portions they contend are improper. (*See* Doc. 20-1.) In sum, Plaintiffs seek to strike nine responses and eleven affirmative defenses. (*See id.*)

#### A. Striking Portions of Defendants' Answer

To Plaintiffs, Defendants' denials violate Rule 8(b) by introducing "long-winded and excess-worded facts and legal conclusions." (Doc. 20 at 1410.) The responses at issue concern several allegations: which Defendant issued the Policy; which Plaintiffs are covered by the Policy; whether Plaintiffs accurately stated the Policy's terms; whether the parties acted consistent with the terms of the Policy; and citations to exhibits attached to the Complaint and Amended Answer. (*See* Doc. 18 at ¶¶ 6, 7, 8, 9, 11, 14, 16, 22, 23.)

In opposition, Defendants argue Plaintiffs' motion does not meet "the strict standard set by Rule 12(f) and the Sixth Circuit for striking any aspect of a pleading." (Doc. 23 at 1456.) Including extra information is not a basis for striking part of a responsive pleading. (*Id.* at 1457-58.) Defendants assert they are "well within [their] rights to provide whatever additional information [they] seek[] to provide in addition to a denial." (*Id.* at 1458.) Many of the contested facts in the Amended Answer are contained in the records Plaintiffs attached to their complaint. (*Id.* at 1459.) Defendants assert the Motion for Judgment on the Pleadings neither introduces nor requires the Court to consider material outside the pleadings, and therefore should

not be converted to a summary judgment motion. (*Id.* at 1464-66.)

Simply stated, Plaintiffs seek to strike portions of Defendants' Amended Answer because statements contained therein are specific rather than general denials. Neither the Federal Rules of Civil Procedure nor the relevant case law support this argument. As noted above, Rule 8 expressly allows a party to "either specifically deny designated allegations or generally deny all expect those specifically admitted." Fed. R. Civ. P. 8(b)(3). Accordingly, Rule 8 is not a basis for striking Defendants' specific denials.

*Meier v. Allstate Property and Casualty Insurance Company*, No. 23-1904, 2024 WL 3964012, 2024 U.S. App. LEXIS 10180 (6th Cir. Apr. 25, 2024), which Plaintiffs cite in their motion (*see* Doc. 20 at 1411), likewise does not provide an authority to strike portions of Defendants' Amended Answer. In *Meier*, the plaintiff argued the defendant's general denials "did not address his specific allegations" and moved to have those allegations deemed admitted. 2024 WL 3964012, 2024 U.S. App. LEXIS 10180, at *3. The Sixth Circuit disagreed, holding the defendant "properly responded [] with a general denial." *Id.* at *4. *Meier* did not, as Plaintiffs assert, hold that *only* general denials are permissible.

Plaintiffs also seek to strike Defendants' references to the insurance documents attached to the Amended Complaint (Docs. 10-3, 10-4) and Travelers' corporate status filings and Articles of Incorporation, and Standard's Certificate of Incorporation, which are attached to the Amended Answer (Docs. 18-1, 18-2, 18-3).[3] Upon a Rule 12(c) motion, the Court's decision "rests primarily upon the allegations of the complaint," but also includes "matters of public

---

[3] On reply, Plaintiffs state that the exhibits attached to the Amended Answer are "factually disputed and unverified." (Doc. 24 at 1469-70.) Plaintiffs do not explain what portion of these documents is factually disputed, nor do they provide an authority holding that factually disputed exhibits must be stricken under Rule 8, 10, or 12. Defendants argue these exhibits may be considered for a Rule 12 motion because they are public records. (Doc. 23 at 1460.)

record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Barany-Snyder v. Weiner*, 549 F.3d 327, 332 (6th Cir. 2008).  These documents are matters of public record, items appearing in the record of the case, or exhibits attached to the complaint.  As such, Plaintiffs have not carried their burden of showing these references should be stricken.  *See id.*; *see also Roth v. Guzman*, 650 F.3d 603, 608 (6th Cir. 2011) (holding "the documents attached to defendants' Answer" were "properly considered as part of the pleading for all purposes").

Plaintiffs' motion is an attempt to use Rule 12(f) to strike information permitted by the Federal Rules.  Because the pleaded information complies with these Rules, the Court denies Plaintiffs' Motion to Strike portions of Defendants' Amended Answer and its references to documents attached to the pleadings.

### B. Striking Defendants' Affirmative Defenses

Plaintiffs seek to strike the following defenses:

- Plaintiffs are not in privity with Travelers;

- Travelers does not owe a duty to act in good faith to Plaintiffs;

- Travelers is not liable for damages;

- Plaintiffs' bad faith claim fails because Defendants did not act unreasonably;

- Plaintiffs' bad faith claim fails because Defendants' actions were justified;

- Plaintiffs cannot recover punitive damages because Defendants' actions were not malicious;

- Plaintiffs are not entitled to damages because they did not suffer harm distinct from their breach of contract claims;

- Plaintiffs failed to repair or replace the Property in a reasonable period;

- Plaintiffs are bound by the terms, conditions, limitations and exclusions contained in the Policy; and

- Plaintiffs filed suit before fully complying with the terms of the policy.

(*See* Doc. 18 at Affirmative Defenses, ¶¶ 10-12, 14-18, 26-27.)

Plaintiffs do not argue these defenses are "redundant, immaterial, impertinent, or scandalous matter" as required by Rule 12(f). (*See* Doc. 20.) Instead, Plaintiffs' argument hinges on the Court concluding that *only* the defenses listed in Rule 8(c) may be asserted as affirmative defenses, and any defenses not listed are not permitted. (*Id.* at 1410.) Plaintiffs cite no authority in support of this position.

This argument runs counter to Sixth Circuit precedent. In *Ford Motor Company v. Transport Indemnity Company*, the Sixth Circuit explained Rule 8(c) is a "starting point" for determining whether a defense is affirmative. 795 F.2d 538, 546 (6th Cir. 1986). If a defense is not listed in Rule 8(c), but it is "analogous to or derivative of one of the listed defenses, [it] should generally be deemed an affirmative defense." *Id.* The Sixth Circuit also noted "[a] second major consideration is the fairness of allowing the defendant to assert the defense; if permitting the defendant to interpose the defense will force the plaintiff to perform additional discovery or develop new legal theories, these considerations will militate heavily in favor of terming the defense affirmative." *Id.*

Plaintiffs do not address whether any of the defenses they seek to strike are analogous to or derivative of those listed in Rule 8(c), or whether fairness dictates permitting the defenses to remain as alleged. Likewise, Plaintiff's do not argue these defenses are "redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f). As such, Plaintiffs have not met their burden. *See Brown & Williamson Tobacco Corp.*, 201 F.2d at 822 (holding motions to strike are a "drastic remedy" courts use only sparingly "when required for the purposes of justice"); *see also Lapso*, 2018 WL 11434281, 2018 U.S. Dist. LEXIS 247092, at *1. Plaintiffs' motion to

strike Defendants' affirmative defenses is denied.

### IV.     CONCLUSION

For the reasons above, Plaintiffs' Motion to Strike (Doc. 20) is DENIED.  Plaintiffs' response to the pending Motion for Judgment on the Pleadings is due on or before July 9, 2025.

**IT IS SO ORDERED.**

Date:   June 9, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE